WILLIAM P. FENN, Respondent, v. BRIDGET DUGDALE, ADM'X, &c., Appellant.

1. The endorser of a promissory note can not recover against the maker the costs of the judgment recovered against him as endorser.
2. The judgment against the endorser is not evidence against the maker of the note.

Fenn v. Dugdale, adm'x.

3. Where the endorser has satisfied a judgment upon the note against himself, his claim against the maker is upon the note itself, and not for money paid.
4. Case remanded for plaintiff to amend his notice of demand in the circuit court.

### Appeal from St. Louis Circuit Court.

This was a claim presented in the St. Louis probate court, at the December term, 1858, upon the following account:

"Francis Dugdale Estate Dr. to William P. Fenn. Aug. 4, 1858. To cash paid James H. Lucas & Co. upon a judgment rendered against said Fenn by the St. Louis circuit court, October 17, 1857, as endorser of a negotiable promissory note dated August 27, 1855, executed by said deceased for three hundred dollars, payable sixty days after date to the order of said Fenn, and endorsed by said Fenn.

"Amount of judgment ........................................ $348 45
"        costs ............................................    13 80
Interest on said judgment ...............................    17 40
Costs of transcript .....................................     1 50
                                                          ─────────
                                                          $381 15"

The probate court allowed the claim, and the administratrix appealed to the circuit court.

At the trial in the circuit court, the plaintiff proved the signature of the deceased as maker, and then offered to read the note; to which the defendant objected, because the note was not set out in the notice of the claim. The objection was overruled. Plaintiff then offered the transcript; to which plaintiff also objected, for the same reason. The objection was overruled. The court gave judgment for the amount of the judgment and interest, but not for the costs; from which defendant appealed.

*A. J. P. Garesché*, for appellant.

I. The transcript could not be read to prove costs, because the endorser must pay his own costs. (Simpson v. Griffin, 9 John. 131. There is no pleading in the probate court; the proceedings are summary. (R. C. 1855, p. 155, § 18.)

II. The note could not be read, because a copy of it was not set out in the notice of the demand to the administratrix. (R. C. 1855, p. 155, § 15.) This point was good in the circuit court, because there the trial is *de novo*. (R. C. 1855, p. 175, § 7.) The defect was not cured by appearance. (Bartlett v. McDaniel, 3 Mo. 55.)

III. The transcript was not evidence of anything against Dugdale. (Smith v. Ross, 7 Mo. 463.)

*Lackland, Cline & Jamison,* for respondent.

I. The court did not err in admitting the note in evidence. The claim was upon the account. (R. C. 1855, p. 152.) The note was evidence to show that plaintiff was endorser as security for the deceased.

II. The transcript was properly admitted. The statute does not require the evidence to be copied into the notice. It was competent to show the judgment and its satisfaction.

BATES, Judge, delivered the opinion of the court.

The liability of the defendant to the plaintiff is upon the note, and is not caused by a payment for the use or at the request of the defendant. Fenn's payment to Lucas & Co. was in satisfaction of his own liability as endorser, and not for or on account of the maker of the note ; consequently his demand against Dugdale is not for the sum paid by him, but for the amount of the note which he has reacquired of Lucas & Co. by satisfying them upon his contract created by his endorsement of the note. Fenn's demand against the estate of Dugdale should have been set out in his notice to the administratrix, as founded upon the note, and, as that was not done, objection was properly taken to admission in evidence of the note. The transcript of the judgment was also improperly admitted, because it could not show any liability of the defendant to the plaintiff caused by the judgment and its payment. It follows, from the fact that the defendant's liability is not caused by the satisfaction of the judgment by the plaintiff, that the plaintiff can not recover

any costs and expenses incurred by him in and about the suit in which the judgment was rendered.

The judgment will be reversed and the cause remanded to the circuit court, where the plaintiff can amend his notice of demand. Judges Bay and Dryden concur.