WILLIAM P. FENN, Appellant, v. JOSEPH DUGDALE, ADM'R, Respondent.

*Bills and Notes — Endorsers.* — An endorser for the accommodation of the maker, upon paying the amount due upon the note to the holder, re-acquires title and may sue the maker—S. C. 31 Mo. 580.

*Appeal from St. Louis Circuit Court.*

*Cline & Jamison,* for appellant.

*Garesché,* for respondent.

FAGG, Judge, delivered the opinion of the court.

This was a proceeding instituted originally in the Probate Court of St. Louis county upon an account presented by the appellant Fenn against the estate of Francis Dugdale, deceased, for money paid to the use of decedent, upon a note executed by Dugdale and upon which plaintiff was alleged

to be an accommodation endorser. The note had been negotiated at the banking-house of Lucas, Simonds & Co., and after maturity a judgment had been obtained against Fenn, which was fully paid off and discharged by him. The amount of the judgment with interest thereon, together with the costs of suit, was the amount of the allowance asked for. The demand being allowed, an appeal was taken to the Circuit Court of St. Louis county, where plaintiff recovered the amount of the judgment and interest but not the costs. Upon an appeal taken to this court and determined at the March term, 1862, the judgment was reversed and the cause remanded, with leave to the plaintiff Fenn to amend his notice of demand so as to show that the same was founded upon the note in question which he had re-acquired of Lucas, Simonds & Co., and of which he was then the legal holder. The amendment was made in conformity with the opinion of the court (31 Mo. 580), and a trial had, which resulted in a verdict and judgment for the defendant, and the case is here upon an appeal taken by the plaintiff. There was a manifest misdirection of the jury by the instructions of the court. There were only two witnesses examined. The first was introduced upon the part of the plaintiff to prove that the note sued upon was executed by Francis Dugdale, deceased, and that the plaintiff and witness were mere accommodation endorsers; that it had been negotiated for the exclusive benefit of Dugdale, and that a judgment had been obtained by the holders against Fenn, which had been paid by him. The other witness was introduced by the defendant for the alleged purpose of impeaching the witness of plaintiff. Without stopping to inquire whether the ground was properly laid for this purpose, we proceed to notice the character of the testimony given by the last witness, and the declarations of law made by the court. This witness stated substantially that she was the widow of Dugdale, and was the administratrix of his estate until the date of her subsequent marriage with one Farrell; that about the time of the maturity of the note she received notice of its protest, and

immediately called upon the witness of plaintiff, and was informed by him that it was a matter about which she need not trouble herself, and that plaintiff and himself were obliged to take it up and would do so. It was shown by the testimony in the case that plaintiff was the president and the first witness (Hunt) secretary of the Olive-street Plank Road Company, and that Dugdale at the time of the execution of the note was a contractor for a portion of the work on said road. The witness for the defendant also stated that at a time subsequent to the one referred to, she went to the office of the secretary aforesaid for the purpose of collecting an amount that was still due the estate of her late husband, and that the amount of the note sued upon with the interest to that date had been deducted by the secretary out of the claim of her said husband. A receipt together with the books of the company was introduced as tending to prove some facts and circumstances in corroboration of the theory of the defence, which was that this note and another executed at the same time for $200, there being at that time no money on hand, really constituted a payment to Dugdale by the president and secretary for the company of which they were officers. The court gave two instructions at the instance of the plaintiff, the second of which is as follows:

"The conversation between Bridget Farrell (witness for the defence) and Charles L. Hunt is not evidence to prove any fact in said cause, and is not evidence for any purpose except to impeach the witness Hunt."

On the part of the defendant, the following were given:

"If the jury believe from the evidence that the consideraation of the note was in fact a part payment to Dugdale for moneys due to him by the company, but that because of the inability of the company to pay its officers by their individual names endorsed the note sued on, taking the receipt of Dugdale for the sum thus paid, then the jury must find for the defendant."

"If the jury believe from the evidence that the note sued on was made between the parties with the understanding

that it was to be deducted from the funds payable to Dugdale by the Central Plank Road Company, and it was so deducted, then plaintiff is not entitled to recover, and the jury will find accordingly."

There is no testimony in the cause upon which the two latter instructions could be based except the statement of Mrs. Farrell (who testified for the defence), together with the receipt spoken of, and the entries made upon the books of the company. This latter evidence however, unconnected with the statements of the witness, amounted to nothing. We must infer, therefore, that notwithstanding the instruction given for the plaintiff in reference to the testimony of this witness, still as the court had assumed that it did tend to prove certain facts in the cause and upon which the above declaration of law given for the defendant rested, the jury felt authorized to weigh it and did render their verdict accordingly. If the case had gone to the jury simply upon the evidence of the two witnesses explained by the instruction given for the plaintiff, and of which the defendant neither complains nor of which any modification was asked in any subsequent instruction, the verdict must inevitably have been for the plaintiff.

The note was payable to Fenn; there was no contradiction of the fact that he had paid the amount of the principal and interest due upon it, and had thereby re-acquired it from the parties to whom it had been negotiated; and admitting that Mrs. Farrell's statements of the conversation between herself and Hunt, the secretary of the company, were true, still there was no evidence that Fenn was present, or that he had in any manner assented to them. The plaintiff's case was the note with evidence of the fact of his being an accommodation endorser merely, and of its payment by him. Therefore no statements of Hunt could bind him unless his assent to the same had been made to appear satisfactorily.

The judgment of the Circuit Court must therefore be reversed, and the cause remanded for further trial. The other judges concur.