VAL. J. PEERS, Appellant, v. ROBERT KIRKHAM, Respondent.

1. *Bills and notes — Judgment against indorser — Costs of not recoverable by indorser from maker — Judgment, evidence of — Money paid.*— The indorser of a promissory note can not recover against the maker the costs of the judgment recovered against him as indorser. The judgment against the indorser is not evidence against the maker; and where the indorser has satisfied a judgment upon the note against himself, his claim against the maker is upon the note itself, and not for money paid. (Fenn v. Dugdale, 31 Mo. 580, affirmed.)

*Appeal from St. Louis Circuit Court.*

*Davis & Davis*, for appellant, cited New York State Bank v. Fletcher, 5 Wend. 85 ; Booth v. Smith, 3 Wend. 63 ; Wiseman v. Lyman, 7 Mass. 286, 290 ; Cole v. Sacket, 1 Hill, 516 ; Waydell v. Luer, 5 Hill, 448 ; Smith's Merc. Law, 533.

*Krum & Decker*, for respondent, relied on Fenn v. Dugdale, 31 Mo. 581 ; Smith v. Ross, 7 Mo. 463.

WAGNER, Judge, delivered the opinion of the court.

The record shows that in the year 1848, Peers & Kirkham, a firm of which the plaintiff was a member, paid, laid out, and

expended the sum of $276.45 in goods and moneys for the use of defendant, for which they received his promissory note, payable at ninety days ; that Peers & Kirkham afterward assigned and delivered said note to Edward J. Gay & Co., in payment of a debt due by them to Gay & Co. ; that defendant afterwari, and at the maturity of the note, failed to pay the same ; that Gay & Co. then sued Peers & Kirkham, and recovered judgment against them in the St. Louis Court of Common Pleas, which judgment, with interest and costs, amounted to $303.36 ; that plaintiff, Peers, alone paid and satisfied said judgment out of his own money ; that the defendant never paid the note nor the judgment recovered by Gay & Co. against Peers & Kirkham.    Upon these facts the plaintiff asked judgment for the amount so paid by him in satisfaction of the said judgment, interest, and costs.    The Circuit Court, at special term, rendered judgment accordingly, but this judgment was reversed at general term.

It is impossible to distinguish this case from that of Fenn v. Dugdale, 31 Mo. 580.    It was there held that the indorser of a promissory note could not recover against the maker the costs of the judgment recovered against him as indorser ; that the judgment against the indorser was not evidence against the maker of the note ; and that, where the indorser had satisfied a judgment upon the note against himself, his claim upon the maker was upon the note itself, and not for money paid.    The case of Fenn v. Dugdale being regarded as decisive authority here, the judgment must be affirmed.    The other judges concur.