GEO. W. SHARP, Respondent, v. E. P. GARNET, Appellant.

Kansas City Court of Appeals, May 22, 1893.

Bills and Notes: ORIGINAL LIABILITY OF ASSUMERS: INDORSERS: MAKER LIABLE: ACTION: PLEADING. Defendant and others bought plaintiff's land and placed the title in defendant who gave notes and deed of trust to secure deferred payments, but all the others were to be liable on the notes. Defendant then sold his interest to two of his syndicate who assumed to pay the notes, and defendant also conveyed their several interests to the other members of the syndicate. The two members paid the first note and afterwards at plaintiff's request discounted the remaining one which plaintiff indorsed. After its maturity the two brought suit against plaintiff and defendant as maker and indorser. They answered setting up the facts and the liability of the plaintiffs therein on the notes and their assumption thereof and that the transaction between them and plaintiff was a payment and not an indorsment. A non-suit was then taken as to the defendant herein and judgment was obtained against plaintiff who paid it and then brought this action. *Held*:

  (1) The payment of the judgment vested title to the note in plaintiff who could maintain this action against defendant regardless of his agreements with his syndicate; and plaintiff was not compelled to accept them as payors.

  (2) The petition declares on the note and not on the judgment.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*McDougal & Sebree* and *R. B. Garnett*, for appellant.

(1) This action is not on the note, but is based on the judgment of Huling and Chapman against Sharp,

and the payment of said judgment by Sharp. The note was not in plaintiff's possession when this suit was instituted. The trial court so held, and by its judgment awarded plaintiff, exactly the amount paid out by him on the judgment and costs, with interest at *six* per cent., when the note provided for interest at *eight* per cent. The judgment ought therefore to have been for the defendant, as, if plaintiff had any cause of action at all, it was on the note and not on the judgment or for money paid. *Fenn v. Dugdale*, 31 Mo. 580; *Peers v. Kirkham*, 46 Mo. 146. (2) The note, although made by Garnett, was made for and in behalf of, and was the note of a' the members of the syndicate, including Huling and Chapman, and even before the agreement of Huling and Chapman with Garnett, by which they assumed and agreed to pay the note and protect him therefrom, they were bound as makers. *Ferris v. Thaw*, 72 Mo. 446; s. c., 5 Mo. App. 279. (3) But, in addition to their original liability as makers, Huling and Chapman agreed with Garnett that they assumed and would pay the whole of the note, and this agreement was the consideration for the conveyance by Garnett to them of his interest in the land, which was incumbered by the deed of trust securing the note, and, being bound to pay the note, it was extinguished and paid when they became possessed of it from Sharp. *Putnam v. Collamore*, 120 Mass. 454; 1 Jones on Mortgages, 864–865; *Lilly, v. Palmer*, 51 Ill. 331; *Drury v. Holden*, 121 Ill. 131; *Johnson v. Walter*, 60 Iowa, 315; *Russell v. Pistor*, 3 Seld. (N. Y.) 171; 2 Daniel on Negotiable Instruments, 1285.

*Sherry & Hughes*, for respondent.

(1) Appellant cannot complain that judgment was not rendered against him for enough. (2) The petition is a good petition on the note. It does not

matter what the pleader had in his mind. The allegations make a good petition on the note. It was proper to allege the facts from which the law transferred note to plaintiff. Revised Statutes, 1889, sec. 2039; *Corpenny v. Sedalia,* 57 Mo. 88; *Putnam v. Railroad,* 22 Mo. App. 589; *Spurlock v. Railroad,* 93 Mo. 537, 538; *Roberts v. Walker,* 82 Mo. 200; *Groves v. City of Kansas,* 75 Mo. 672. (3) Huling and Chapman were not liable on the notes. The evidence does not show any contract upon which Sharp could sue Huling and Chapman. If the members of syndicate were liable *inter sese,* then Garnett has his remedy against other members when he pays the note, and this obligation is not one which Sharp can enforce or with which he has anything to do. *Sparks v. The Dispatch Transfer Co.,* 104 Mo. pp. 541, 542; Tiedeman on Commercial Paper, sec. 87; Randolph on Commercial Paper, sec. 131; Revised Statues, 1889, sec. 5186; *Bercherling v. Katz,* 37 N. J. Eq. 150; *Kiersted v. Railroad,* 69 N. Y. 343; s. c., 27 Am. Rep. 199; *Briggs v. Partridge,* 64 N. Y. 357; s. c., 21 Am. Rep. 617; *McLeod v. Skyles,* 81 Mo. 604; *Bobb v. Bobb,* 89 Mo. 419.

ELLISON, J.—The following statement is taken substantially from that prepared by defendant's counsel (appellant here), as it gives a sufficient history of the case and the facts connected therewith: In 1886 a syndicate composed of the defendant, Garnett, Huling and Chapman, and Davidson Brothers, purchased of plaintiff a tract of land in Clay county, Missouri. They paid him part of the purchase money in cash and, for convenience, had the plaintiff convey the land to the defendant, and the defendant executed to plaintiff for the unpaid purchase money his two notes, one for $3,500 and one for $1,750, bearing eight per cent. interest and secured the same by deed of trust on the land.

Defendant held the land in trust for the members of the syndicate in the following proportions: One half interest for Huling and Chapman, one fourth interest for Davidson Brothers, and one fourth interest for himself, and each of the parties in the syndicate was liable on the notes, and, as between themselves, were liable in the same proportion as they were interested in the land.

A short time after the purchase the defendant sold his interest in the land to said Huling and Chapman, the consideration of the sale being that said Huling and Chapman assumed and agreed to pay said notes and relieve defendant from all liability thereon, and defendant thereupon conveyed to said Huling and Chapman a three fourths interest in said land, being the one half interest he held in trust for them and the one fourth interest he sold them. Plaintiff was not a party to this agreement. At about the same time, in order to entirely rid himself of the title, he conveyed to Davidson Brothers the other one fourth interest which he held in trust for them.

The $3,500 note matured first, and just prior to the time of its maturity the plaintiff approached defendant in regard to its payment and the defendant informed him that he had sold his interest in the land to Huling and Chapman, and that they had assumed and agreed to pay both the notes, and that plaintiff could call upon them and Davidson Brothers for payment. When the $3,500 note became due plaintiff did present the same to Huling and Chapman and they paid it.

After the payment of the $3,500 note and before the maturity of the $1,750 note, the plaintiff needed money badly, and went to Huling and Chapman to let them have the note at a discount. The parties finally agreed upon a discount of $600 and plaintiff indorsed and delivered the note to them, and they paid him its

face, less the discount.    Afterwards said Huling and Chapman instituted a suit on the note against this plaintiff as indorser and defendant as maker, claiming that there was a balance due thereon and that this plaintiff and defendant owed the same.    This plaintiff and defendant filed an answer in the case in which they set out all the material facts in relation to the purchase of the land by the syndicate and the proportion owned by each; the execution of the notes for unpaid purchase money, and that Huling and Chapman were liable on said notes; the sale of defendant Garnett to Huling and Chapman, and their assumption and agreement to pay the notes; that plaintiff Sharp had not indorsed the note to Huling and Chapman, but that they had simply paid the same as they were bound to do.    After the filing of said answer there was a non-suit entered as to defendant Garnett, but judgment was rendered against this plaintiff and he paid same, which with costs amounted to $412.90.

The answer after a general denial of the allegations of the petition, pleaded the facts as to the purchase of the land, the execution of the notes, the liability of Huling and Chapman on the notes, and their agreement and assumption with defendant to pay same, and that the note in evidence had in fact been paid by Huling and Chapman.    The trial was before the court without a jury and the finding was for plaintiff for the amount paid by him in satisfaction of the judgment on the note rendered as above set forth, with six per cent. interest. Defendant appeals.

The trial court has necessarily found that Huling and Chapman did not pay off the note, but that it was sold and indorsed by plaintiff; that coming to the hands of Huling and Chapman they instituted suit and obtained judgment thereon against this plaintiff as indorser.    The plaintiff paid the judgment.    This by

operation of law vested title in the note in plaintiff with a right to recover from defendant as maker. We scarcely see how the court could have found otherwise. Nor do we see how the arrangement between the defendant and the other members of his syndicate concerning their interests- in the land purchase and the relation they bore to one another could affect this plaintiff. Plaintiff had the note of this defendant for the remainder of the purchase money, and it was plaintiff's right and privilege to look to him only for payment. *Sparks v. The Dispatch Co.*, 104 Mo. 541. And though Huling and Chapman agreed with defendant to assume payment of the note, plaintiff could not be *compelled* to accept them as payors. If he refused to accept them he would deal with them as indorsees.

But defendant insists that this suit is not on the note which plaintiff as indorser has paid by paying the judgment rendered thereon. He insists that it is a suit on that judgment. In this we think he is clearly in error. The petition clearly states a case on a note which had been paid by an indorser, and such is the indorser's proper remedy. *Pers v. Kirkham*, 46 Mo. 146. It sets forth the facts which in law, by reason of his relation to the note, entitles him to recover against this defendant.

We discover no error in the case and affirm the judgment. All concur.